Argued and submitted January 9, reversed and remanded in part; otherwise affirmed
February 22, 1995

James McCLURE,
*Appellant,*

*v.*

O. Jeffrey LeROY, D.M.D.,
dba Smile Care Center,
*Defendant,*

*and*

James LAWSON, D.M.D.,
*Respondent.*

(93-00893CV; CA A83843)

890 P2d 425

Donald R. Crane argued the cause and filed the brief for appellant.

Larry Workman argued the cause for respondent. With him on the brief was Frohnmayer, Deatherage, Pratt, Jamieson & Clarke, P.C.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiff appeals from a summary judgment against his claims for dental malpractice as being barred by the statute of limitations. ORS 12.110(4). We affirm in part and reverse in part.

In September 1990, plaintiff first consulted with defendant Lawson[1] about having "his smile fixed up." During that first appointment, Lawson devised a plan to treat 13 of plaintiff's teeth.[2]

On December 5, 1990, defendant started working on plaintiff's teeth by preparing teeth nos. 7, 8, 9, and 10 for crowns. After four hours of dental treatment, plaintiff left "really upset and hurting." As a result of that treatment, plaintiff suffered abrasions and bruising that lasted for a week.

On December 19, 1990, plaintiff returned to continue his treatment. During that appointment, defendant struck a nerve in plaintiff's mouth with a needle. Plaintiff immediately told defendant that he was hurting him, and defendant responded "that he hit something he shouldn't have hit." Plaintiff's tongue was numb for several days following the appointment, and, when the numbness disappeared, plaintiff noticed that he had a diminished sense of taste.

Plaintiff returned to defendant for the last time on January 23, 1991. At that time, defendant permanently affixed a crown on plaintiff's no. 28 tooth.

Plaintiff did not receive further dental care until February 10, 1992, when he went to a new dentist, Dr. Kendall, to obtain treatment for an abscessed tooth. The next day, the crown on tooth no. 7, which defendant had affixed, broke off. In March 1992, the crown on tooth no. 10, which defendant had affixed, also broke off. Plaintiff discussed those

---

[1] Plaintiff originally sued both Dr. Lawson and another dentist, Dr. LeRoy. However, plaintiff voluntarily dismissed his claims against LeRoy and appeals the summary judgment with respect to Lawson only. Consequently, we refer to Lawson as defendant.

[2] We review and recite the summary judgment record in the light most favorable to plaintiff. *Gaston v. Parsons*, 318 Or 247, 251, 864 P2d 1319 (1994).

events with Kendall, who told him that defendant had improperly prepared the teeth for crowns. Kendall also told plaintiff that defendant had left the crown on tooth no. 28 too high, thereby damaging a bridge from teeth nos. 3-6.

On March 18, 1993, plaintiff brought this action, alleging that defendant had been negligent in four particulars:

"a.   Improperly setting a crown of tooth #28,

"b.   Improperly preparing teeth #7 & #10,

"c.   Causing bruises and abrasions to plaintiff's face and mouth, and

"d.   Causing a needle to strike a nerve in plaintiff's mouth."

Defendant moved for summary judgment on the ground that the statute of limitations, ORS 12.110(4), barred plaintiff's action in its entirety, and the court granted that motion.

Plaintiff does not dispute the propriety of summary judgment against the third specification of negligence.[3] He does, however, contend that the court erred in concluding that the remaining three specifications were time barred. We consider each, beginning with specifications (b) and (d), which are based on defendant's conduct in December 1990.

■      ORS 12.110(4) provides:

"An action to recover damages for injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered."

"Injury," for purposes of that statute, consists of three elements: (1) harm; (2) causation; and (3) tortious conduct. *Gaston v. Parsons, supra* n 2, 318 Or at 255. Moreover, "the statute of limitations begins to run when the plaintiff knows or in the exercise of reasonable care should have known facts which would make a reasonable person aware of a substantial possibility that each of the three elements * * * exists." 318 Or at 256.

---

[3] At oral argument, plaintiff withdrew his third assignment of error, which pertained to that specification.

■     Plaintiff argues that specifications (b), "improperly preparing teeth #7 & #10," and (d), "causing a needle to strike a nerve in plaintiff's mouth," were not time barred, because the two-year limitation period did not begin to run until March 1992, when Dr. Kendall first told him that defendant's treatment was inadequate. He asserts that defendant failed to show that he should reasonably have discovered the bases of those specifications before that time.[4] We disagree.

Plaintiff's own deposition testimony, offered by defendant in support of his summary judgment motion, establishes that plaintiff should have discovered his injury arising from improper preparation of his teeth in December 1990, shortly after that treatment:

"[Defendant's counsel]:   Did you have any opinion immediately following the preparation that was performed by Doctor Lawson in December of 1990 that Doctor Lawson had somehow done something that was careless or reckless?

"[Plaintiff]:   He admitted things didn't go right, he told me that, rougher than usual, everything went wrong, I'm sorry, I don't know what happened.

"* * * * *

"[Defendant's counsel]:   Have you since come to understand or believe that Doctor Lawson was careless or reckless in connection with the treatment provided to you in December of 1990?

"[Plaintiff]:   Reckless or careless or inept, one or the other, things didn't go well.

"[Defendant's counsel]:   And things didn't go well, you knew back in December of 1990, isn't that correct?

"[Plaintiff]:   Twelve nineteen ninety (12/19/90), I was sure of it, yes."

Thus, plaintiff realized in December 1990 that defendant had harmed him while preparing teeth nos. 7 and 10 and that defendant was somehow negligent. Consequently, the trial court properly concluded that the statute of limitations

---

[4] In his brief, plaintiff also argues that his claims are not time barred under the theory of "continuous treatment." However, at oral argument, plaintiff conceded that argument.

barred plaintiff's claim based on defendant's improper preparation of his teeth. Although plaintiff may not have known the precise nature of defendant's negligence, a reasonable person whose dentist tells him or her that "everything went wrong" during a dental procedure, would, unlike plaintiff, make further inquiries:

> "The discovery rule does not protect those who sleep on their rights, but only those who, in exercising the diligence expected of a reasonable person, are unaware that they have suffered legally cognizable harm." *Gaston v. Parsons, supra* n 2, 318 Or at 256.

Plaintiff's deposition testimony is equally conclusive with respect to specification (d):

> "[Defendant's counsel]: You say that he hit a nerve, how do you know that?
>
> "[Plaintiff]: Well, I just lit up like—well, I knew he hit something, it was very painful.
>
> "* * * * *
>
> "[Plaintiff]: I told [Dr. Lawson] he was hurting me * * * and he admitted or told me that he hit something that he shouldn't have hit.
>
> "* * * * *
>
> "[Defendant's counsel]: You had this treatment on December 19th, 1990[,] and your testimony is that Doctor Lawson placed a needle on the right side of your mouth somewhere, which within a few days caused a loss of taste, correct?
>
> "[Plaintiff]: Yes, I'm not sure if it was from the minute he put the needle in or when the numbness left or when it was, I'm not exactly sure when it happened, right at the beginning there someplace.
>
> "[Defendant's counsel]: But, within a few days of December 19, 1990?
>
> "[Plaintiff]: Yes.
>
> "* * * * *
>
> "[Defendant's counsel]: And you knew as early as December 19, 1990, that the needle struck something that it shouldn't have?
>
> "[Plaintiff]: I knew that day that he hit something that he shouldn't have.
>
> "[Defendant's counsel]: And at that time you do believe

that the striking of something that it shouldn't have, as you say was either based on Doctor Lawson's carelessness, recklessness or ineptness?

"[Plaintiff]:    One (1) of three (3)."

Again, plaintiff realized, as of December 19, 1990, or shortly thereafter, that he had been injured by defendant's conduct and that that conduct was careless, reckless, or inept. Notwithstanding that knowledge, he failed to bring this action within two years. Accordingly, specification (d) was also time barred.

■      We do not, however, reach the same conclusion with respect to specification (a) for negligent setting of the crown on tooth no. 28. That crown was set in January 1991, approximately a month after the conduct that is the subject of specifications (b) and (d). There is no evidence establishing a causal connection between the procedures conducted in December 1990, and defendant's alleged setting of plaintiff's crown too high on January 23, 1991. Thus, the allegedly improper setting of the crown was not merely an exacerbation of the harm caused during the December 1990 procedures.[5] It was, instead, a separate injury. *See Gaston v. Parsons, supra* n 2, 318 Or at 260 ("Each claim must be analyzed separately to determine if a plaintiff knew or should have known facts that would make a reasonable person aware of a substantial possibility that the legally protected interest had been invaded."). Consequently, plaintiff's December 1990 discovery with respect to specifications (b) and (d) did not apply to specification (a).

Defendant failed to show that plaintiff should have discovered the separate injury that is the subject of specification (a) until he spoke with Kendall in March 1992. This action was commenced within two years thereafter. Accordingly, the trial court erred in concluding that specification (a) was barred by ORS 12.110(4).

Judgment on specification of negligence (a) reversed and remanded; otherwise affirmed.

---

[5] *Compare Raethke v. Oregon Health Sciences Univ.*, 115 Or App 195, 199, 837 P2d 937 (1992), *rev den* 315 Or 442 (1993) (statute of limitations began running when plaintiff discovered that defendant's negligence rendered her infertile, not later when plaintiff discovered that her infertility was permanent).